JOY O. GILLESPIE AND BAILEY GILLESPIE v. AMERICAN MOTORS CORPO-
RATION, AMERICAN MOTORS SALES CORPORATION, JEEP CORPORA-
TION AND VALLEY MOTOR SALES, INC.

No. 8329SC138

(Filed 3 July 1984)

**Sales §§ 17, 23— defective vehicle—use of vehicle by purchaser—contributory negligence**

The trial court properly granted defendants' motions for summary judgment on plaintiffs' claims of negligence, breach of warranty and an inherent defect in a vehicle purchased by plaintiffs and manufactured and sold by defendants, since the evidence tended to show that plaintiffs were contributorily negligent as a matter of law in using the vehicle for three years and driving it 62,000 miles in spite of the fact that they were aware of noxious fumes in the passenger area of the vehicle within a week after it was purchased and in spite of the fact that the female plaintiff continued to ride in the vehicle though her physician had advised her not to do so.

Judge WELLS dissenting.

APPEAL by plaintiffs from *Thornburg, Judge*. Judgment entered 20 September 1982 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 13 January 1984.

This is an action based on negligence and breach of warranty. This case has been in this Court previously. *See Gillespie v. American Motors Corp.*, 51 N.C. App. 535, 277 S.E. 2d 100 (1981) in which we held the action was not barred by the statute of limitations. The plaintiffs' action is based on three separate claims. In their first claim, the plaintiffs allege the negligent design, manufacture, inspection and maintenance of a Jeep Cherokee wagon purchased by the plaintiffs which they allege constituted malicious and wanton disregard of the rights of the plaintiffs. For their second claim, they allege breach of warranty and for their third claim, that the vehicle, when sold to them, contained an inherently defective gasoline ventilation and emission system. The plaintiffs allege that because of the defective gas ventilation and emission system, noxious gas fumes were emitted into the passenger compartment of the vehicle and the plaintiffs were damaged thereby.

The defendants made a motion for summary judgment. The papers submitted in support of and in opposition to the motion for summary judgment showed that the plaintiffs purchased a Jeep Cherokee wagon from the defendant Valley Motor Sales, Inc. on 23 December 1975. Shortly after the vehicle was purchased, the plaintiffs noticed gas fumes in the interior of the vehicle. The vehicle was returned to Valley Motor Sales many times, commencing in late December 1975 but the defect was not corrected. On 29 March 1979, the vehicle was carried to a dealer in Charlotte where a new gas tank and vent kit were installed but this did not correct the defect. Joy Gillespie began having headaches, nausea, and drowsiness. She consulted a doctor and he advised her that her condition was probably related to the noxious fumes emitted by the Jeep wagon. He advised her not to ride in it. Joy Gillespie did not take this advice, but continued to ride in the vehicle. The plaintiffs drove the vehicle 62,000 miles during a three-year period after they first smelled the fumes.

The court granted the defendants' motions for summary judgment on the negligence claim, the claim for an inherent defect, and for personal injuries on the breach of warranty claim. The plaintiffs appealed.

*Tomblin and Perry, by Vance M. Perry and A. Clyde Tomblin, for plaintiff appellants.*

*Mullen, Holland and Cooper, by R. T. Wilder, Jr., and William E. Moore, Jr., for defendant appellee American Motors Corporation.*

*Golding, Crews, Meekins, Gordon and Gray, by Marvin K. Gray and Ned A. Stiles; and Hamrick, Bowen, Nanney and Dalton, by Louis W. Nanney, Jr., for defendant appellee Valley Motor Sales, Inc.*

WEBB, Judge.

If the papers filed in support of and in opposition to the defendants' motions for summary judgment present a forecast of evidence which, if offered at trial, would require a directed verdict for the defendants, then the court properly granted the motion for summary judgment. *See Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979). We hold that the papers filed in this case show that the plaintiffs were contributorily negligent as a matter of law. We affirm summary judgment for the defendants.

The papers show that the plaintiffs knew of the noxious fumes in the passenger area of the vehicle within a week after it was purchased. They continued using the vehicle for more than three years and drove it 62,000 miles during that time. Mrs. Gillespie's physician advised her to stop riding in the vehicle but she continued to do so. In *Insurance Co. v. Chevrolet Co.,* 253 N.C. 243, 116 S.E. 2d 780 (1960) our Supreme Court held that when a person continues driving a vehicle when he knows of a defect, he is contributorily negligent as a matter of law and barred from recovering damages which are caused by the defect. The Supreme Court held this is so whether the plaintiff's claim is based on negligence or breach of warranty. We hold that we are bound by that case to affirm the judgment of the superior court.

The plaintiffs contend that they should not be barred by contributory negligence because they alleged that the acts of the defendants constituted "wanton, willful and culpable misconduct on their part." In spite of these allegations, we do not believe the plaintiffs have shown any wanton, willful or culpable misconduct

on the part of the defendants. Bailey Gillespie stated that he did not believe the defendants intentionally sold him a defective vehicle. We do not believe it was necessary for the defendants to advise the plaintiffs that a bulletin from American Motors showed some people were complaining of fumes in Jeeps when the plaintiffs were well aware that there were fumes in their Jeep.

Affirmed.

Judge WHICHARD concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

I believe the forecast of evidence in this case raises a genuine material issue of fact as to whether plaintiffs reasonably relied on defendant's assurances that defects in plaintiffs' vehicle had been repaired or corrected. I cannot agree that the forecast shows plaintiffs to have been contributorily negligent as a matter of law. Generally, I believe that defective products cases should be liberally construed in favor of injured parties. I vote to reverse summary judgment for defendants.