IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-931

Filed 2 July 2025

Guilford County, No. 23CVS003772

ARTEZ ROMEL SAULSBY, as the Administrator of the Estate of SHARON SAULSBY ASKEW, Plaintiff,

v.

AMPHASTAR PHARMACEUTICALS, INC., Defendant.

Appeal by defendant from judgment entered 18 March 2024 by Judge Richard S. Gottlieb in Guilford County Superior Court. Heard in the Court of Appeals 10 April 2025.

> *Lanier Law Group, P.A., by Robert O. Jenkins, for the plaintiff-appellant.*
>
> *Hall Booth Smith, P.C., by Brenda S. McClearn, and Katherine W. Dandy, for the defendant-appellee.*

TYSON, Judge.

Sharon Saulsby Askew ("Decedent") died after taking a single dose from a Primatene Mist inhaler, an over-the-counter bronchodilator manufactured by Amphastar Pharmaceuticals, Inc. ("Defendant"). Artez Saulsby ("Plaintiff"), Administrator of the Estate of Sharon Saulsby Askew, appeals the trial court's order granting Defendant's Motion for Summary Judgment. We affirm.

## I.    Background

Sharon Askew experienced shortness of breath on 4 May 2021. Decedent's

long-term boyfriend of nine years, Tyrone Hayes, went to a Walgreens drugstore to seek a product to aid Decedent with relief from her shortness of breath.  Hayes asked the pharmacist on duty, "Is Primatene Mist good for breathing?"  The pharmacist responded, "Exactly."  Hayes purchased the Primatene Mist.  At the time of purchase, Hayes did not convey or discuss any of Decedent's underlying health issues with the pharmacist.

Hayes returned to Decedent's home and gave her the product.  Decedent administered one puff of the Primatene Mist to herself.  Shortly thereafter, Decedent experienced cardiopulmonary arrest and was transported to the hospital by ambulance.  Decedent died at the hospital on 9 May 2021.

Primatene Mist is approved by the Food and Drug Administration for the treatment of "temporary relief of mild symptoms of intermittent asthma."  This statement appeared in a red box on the front of the Primatene Mist packaging.  It is undisputed Decedent was not diagnosed with, treated for, or prescribed medication for asthma.  The Primatene Mist box provided the following warning: "Do not use unless a doctor said you have asthma."  It also instructed potential users to "Ask a doctor before use if you have . . . heart disease [or] high blood pressure."  It is undisputed Hayes did not read the Primatene Mist packaging at the time of purchase.  There is no evidence of whether Decedent read the warning box or labels prior to her self-administration.

Decedent suffered from congestive heart failure, chronic kidney disease, and high cholesterol. Decedent also experienced high blood pressure and was a recipient of an implanted pacemaker.

Plaintiff filed a Complaint against Defendant on 15 March 2023 alleging Defendant was negligent in selling Primatene Mist and had breached the implied warranty of merchantability. Defendant filed a Motion to Dismiss, Answer, and Defenses on 22 May 2023.

Defendant also filed a Motion for Summary Judgment on 28 December 2023 and submitted a supplemental memorandum of law in support on 14 March 2024. The trial court concluded Defendant was "entitled to summary judgment as to Plaintiff's claims for negligence and breach of implied warranty and further is entitled to summary judgment due to the contributory negligence of Plaintiff's Decedent and pursuant to N.C.G.S. § 99B-4." The trial court granted Defendant's Motion for Summary Judgment by Order entered on 3 April 2024. Plaintiff filed his Notice of Appeal on 16 April 2024.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. Issues

Plaintiff asserts the trial court erred by granting Defendant's Motion for Summary Judgment. He argues whether Decedent was contributorily negligent is a

question for the jury pursuant to N.C. Gen. Stat. § 99B-4 (2023).  Plaintiff further alleges Defendant breached the implied warranty of merchantability and asserts Primatene Mist is a dangerous and an essentially useless product.

### IV.  Motion for Summary Judgment

Plaintiff argues the trial court erred in granting Summary Judgment.  Plaintiff argues the statute Defendant cites for its contributory negligence defense, N.C. Gen. Stat. § 99B-4(1) and (3), requires the jury to make a negligence determination of whether Decedent exercised reasonable care under the circumstances *and* whether the warning was adequate.  Plaintiff contends Hayes' purchase of Primatene Mist, which he made with a pharmacist's assistance and was preceded by an online search, demonstrates the general public's perception that over-the-counter medications are inherently risk-free.  Plaintiff lastly argues, regardless of the warnings on the use of Primatene Mist, the Supreme Court of North Carolina has previously held a jury can find a consumer exercised reasonable care, even if that consumer did not read the instructions or warnings accompanying a product.

### A. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting

*Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)).  Summary judgment is not appropriate where questions exist about the credibility of witnesses or about the weight of evidence.  *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979).

A defendant may show entitlement to summary judgment by "(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery [ ] the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing [ ] the plaintiff cannot surmount an affirmative defense." *James v. Clark*, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995).

"Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway,* 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000).  'To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment." *Roumillat v. Simplistic Enterprises, Inc*., 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992).

## B. Analysis

Issues of contributory negligence are appropriate for summary judgment

"where the evidence establishes plaintiff's own negligence so clearly that no other reasonable conclusion may be reached[.]" *Nicholson v. Am. Safety Util. Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997).

"In order for contributory negligence to apply, it is not necessary that plaintiff be *actually aware* of the unreasonable danger of injury to which his conduct exposes him." *Smith v. Fiber Controls Corp.,* 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980). "[T]he existence of contributory negligence does not depend on [the] plaintiff's subjective appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an objective standard of behavior 'such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.'" *Id.* (quoting *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965)).

N.C. Gen. Stat. § 99B-4 provides guidance for assessing knowledge or reasonable care in a products liability case. No manufacturer or seller will be held liable if:

> (1) The use of the product giving rise to the product liability action was contrary to any express and adequate instructions or warnings delivered with, appearing on, or attached to the product or on its original container or wrapping, if the user knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings; *or*
>
> (2) The user knew of or discovered a defect or dangerous condition of the product that was inconsistent with the safe use of the product, and then unreasonably and voluntarily exposed himself or herself to the danger, and was injured

by or caused injury with that product; *or*

(3) The claimant failed to exercise reasonable care under the circumstances in the use of the product, and such failure was a proximate cause of the occurrence that caused the injury or damage complained of.

N.C. Gen. Stat. § 99B-4 (2023) (emphasis supplied).

Plaintiff argues N.C. Gen. Stat. § 99B-4 shields Defendant from product liability claims, only if Defendant can satisfy both subsections (1) *and* (3). Plaintiff asserts N.C. Gen. Stat. § 99B-4 only bars liability if Defendant demonstrates Decedent exercised reasonable care under the circumstances (pursuant to § 99B-4(1)) *and* the warning on the Primatene Mist was adequate (pursuant to § 99B-4(3)).

Here, the trial court applied a disjunctive approach to the statutory language of "or", not the conjunctive "and." We agree. "Where a statute contains two clauses which prescribe its applicability, and the clauses are connected by a disjunctive (e.g. 'or'), the application of the statute is not limited to cases falling within both clauses, but will apply to cases falling within either of them." *Davis v. N.C. Granite*, 259 N.C. 672, 675, 131 S.E.2d 335, 337 (1963).

Each subsection of the statute can operate to independently bar recovery based on the specific facts of each case. *See Lee v. Crest Chemical Co.*, 583 F. Supp. 131, 132 (M.D.N.C. 1984) (concluding N.C. Gen. Stat. § 99B-4(1) is a complete defense when the plaintiff read the product's warning prior to use, but did not wear gloves as directed and suffered chemical burns, and therefore granting the defendant's motion

for summary judgment).  Satisfying any one of the statute's subsections in N.C. Gen. Stat. § 99B-4 is sufficient to bar liability.  *See Nicholson*, 346 N.C. at 772-74, 488 S.E.2d at 243-44 (explaining N.C. Gen. Stat. § 99B-4(1) and (3) codify the defense of contributory negligence, applying § 99B-4(3) to the plaintiff's products liability claim, and providing § 99B-4(3) "does not create a different rule for products liability actions"); *Smith*, 300 N.C. at 678, 268 S.E.2d at 510 (finding the application of contributory negligence as a defense in product liability actions under N.C. Gen. Stat. § 99B-4(3)); *Champs Convenience Stores, Inc. v. United Chem. Co.*, 329 N.C. 446, 453, 406 S.E.2d 856, 860 (1991) ("In addition to codifying the general doctrine of contributory negligence, § 99B-4 sets out or explains more specialized fact patterns which would amount to contributory negligence in a products liability action.").  The trial court properly applied the statute in the disjunctive.  N.C. Gen. Stat. § 99B-4 (2023); *Davis*, 259 N.C. at 675, 131 S.E.2d at 337.

## C. Warnings and Instructions

### 1.  *Smith v. Selco*

Plaintiff argues N.C. Gen. Stat. § 99B-4(1) requires consideration of whether a consumer knew or should have known, through the exercise of reasonable and diligent care, of a product's warnings and instructions.  In *Smith v. Selco*, this Court held § 99B-4(1) was not conclusively established as a matter of law where the plaintiff violated a warning attached to the product.  *Smith v. Selco Prod., Inc.*, 96 N.C. App.

151, 156, 385 S.E.2d 173, 175 (1989). The court emphasized "[a] manufacturer must properly inform users of a product's hazards, uses, and misuses or be liable for injuries resulting therefrom under some circumstances." *Id.* In *Smith*, the Court concluded the warning was inadequate, because it had failed to advise the plaintiff the tape-switch sensor might malfunction, resulting in the plaintiff's injury. *See id.* at 157, 385 S.E.2d at 176.

The warnings on the Primatene Mist packaging clearly informed and warned potential users not to use the product unless they had been diagnosed with asthma, and it also instructed users with heart disease or high blood pressure to consult with a doctor before using Primatene Mist. It is undisputed that Decedent was not diagnosed with asthma. At the time of purchase, Hayes did not know if Decedent had asthma or not. Both Decedent and Hayes were also aware Decedent had heart disease and high blood pressure. Despite this knowledge, Decedent used and inhaled the product contrary to the express instructions and warnings.

The Primatene Mist packaging contained specific, express warnings directly addressing Decedent's medical conditions, unlike those in *Smith*, where the warning was incomplete. *See id.* Both Decedent and Hayes either knew or, with the exercise of reasonable and diligent care, should have known of these warnings. *See Lee*, 583 F. Supp. at 133-34; *Padgett v. Synthes, Ltd.*, 677 F. Supp. 1329 at 1335 (W.D.N.C. 1988) (finding warnings given to the physician in the insert constitute sufficient

notice to the plaintiff under N.C. Gen. Stat § 99B-4). The trial court properly concluded N.C. Gen. Stat. § 99B-4(1) bars recovery.

## 2. *Champs Convenience Stores Inc. v. United Chem. Co., Inc.*

Plaintiff argues the Supreme Court of North Carolina has previously held a jury can find a consumer exercised reasonable care, despite failing to read the instructions or warning accompanying a product. *Champs,* 329 N.C. at 456, 406 S.E.2d at 862. The facts of this case are distinguishable.

In *Champs*, the Court held the evidence was insufficient to establish contributory negligence as a matter of law because there were "questions of fact to be decided." *Id.* The defendant in *Champs* had delivered the wrong product to the plaintiff. *Id.* When the product was delivered, the plaintiff checked the invoice, which inaccurately indicated the plaintiff had received the correct product. *Id.* The plaintiff had previously received complete usage instructions from the defendant's employee over the telephone. *Id.* The plaintiff subsequently cleaned the floors with the delivered product, which was a toxic chemical that ruined half of the store's inventory. *Id.* Although the plaintiff had failed to read the written instructions, which accompanied the delivered product, the Court concluded: "[w]hether [plaintiff] could reasonably rely on the instructions given over the telephone and on the invoice is a jury question, and the trial court properly submitted the question to the jury." *Id.*

Here, Decedent was not given the wrong product, nor were there any extensive

conversations by Hayes with the pharmacist regarding the product's instructions or warnings. Hayes only asked whether Primatene Mist was "good for breathing?" The pharmacist, unaware of Decedent's lack of an asthma diagnosis or her underlying heart and medical conditions, had no opportunity to provide further individualized warnings. Unlike in *Champs*, where the wrong product was delivered and extenuating circumstances had created a factual dispute, the facts in the present case do not raise genuine issues for a jury. *See id.* With the exercise of reasonable or diligent care, Decedent or Hayes knew, or should have known, of the express warnings on Primatene Mist's packaging. The trial court properly concluded Decedent's contributory negligence barred Plaintiff's claims as a matter of law. N.C. Gen. Stat. § 99B-4(1) (2023).

### D. Reasonable Care Under the Circumstances

The care an ordinarily prudent person should or would exercise under the same or similar circumstances determines whether Decedent was contributorily negligent. *See Smith,* 300 N.C. at 677, 268 S.E.2d at 508. N.C. Gen. Stat § 99B-4(3) indicates a plaintiff's behavior "under the circumstances" must be considered in determining whether contributory negligence exists. *See Smith*, 96 N.C. App. at 159, 385 S.E.2d at 177. It is undisputed Hayes did not inform the pharmacist of Decedent's underlying health conditions when he only asked, "Is Primatene Mist good for breathing?" This omission, combined with the failure to read the product's

instructions and warnings, and the fact Hayes, rather than Decedent herself, sought Primatene Mist to address her mild symptoms, demonstrates both Hayes and Decedent failed to exercise the care an ordinarily prudent person would exercise under the same or similar circumstances. *See Smith,* 300 N.C. at 676-777, 268 S.E.2d at 507-08. Their failure to exercise reasonable care contributed to and proximately caused Decedent's death. *See Lee*, 583 F. Supp. at 135 (finding plaintiff's disregard for product instructions was the proximate cause of her injury). The trial court properly concluded N.C. Gen. Stat. § 99B-4(3) also bars recovery.

## V.    Implied Warranty of Merchantability

In light of our holding, we need not review this issue because the contributory negligence statute bars a product liability claim against a manufacturer based on breach of implied merchantability. *See Nicholson*, 346 N.C. at 773, 488 S.E.2d at 244 ("[C]ontributory negligence also bars a products liability claim against a manufacturer or seller based on breach of implied warranty." (citing N.C. Gen. Stat. § 99B-4 ("No manufacturer or seller shall be held liable in *any* product liability action if [plaintiff is contributorily negligent.]" (emphasis supplied))); *Gillespie v. American Motors Corp.*, 69 N.C. App. 531, 317 S.E.2d 32 (1984).

## VI.    Conclusion

The trial court properly applied N.C. Gen. Stat. § 99B-4 and did not err in granting summary judgment due to Decedent's own contributory and negligent acts.

Under the objective standard, a person experiencing mild respiratory distress must either read the product's warnings and instructions or consult a doctor before use, particularly when the product is expressly indicated for asthma, and Decedent had not been diagnosed with asthma. *See* N.C. Gen. Stat. § 99B-4(1) (2023).

Primatene Mist's labeling clearly and expressly warned against its use by individuals with heart disease and high blood pressure, both conditions for which Decedent had been diagnosed. Despite these express warnings and Decedent's known medical conditions, she proceeded to use the product.

The evidence clearly establishes Decedent's own negligence. No genuine issues of material fact exist, and no other reasonable conclusion may be reached. *See Nicholson*, 346 N.C. at 772-74, 488 S.E.2d at 243-44. The trial court properly granted Defendant's Motion for Summary Judgment. *Id.* The order appealed from is affirmed. *It is so ordered.*

AFFIRMED.

Chief Judge DILLON and Judge GORE concur.