LEROY SHEETS v. MAX SESSIONS, DOING BUSINESS AS JEAN ANN
APARTMENTS

No. 7121SC432

(Filed 25 August 1971)

**1. Appeal and Error § 39— docketing of record — dismissal of appeal**

   Appeal is dismissed for failure of the appellant to docket the record
   on appeal within the time allowed by the rules of the Court of Appeals.
   Rule 5 of the Rules of Practice.

**2. Landlord and Tenant § 8— action against landlord — personal injury
   to plaintiff — sufficiency of evidence**

   Plaintiff's action to recover for personal injuries sustained when he
   fell from the porch of defendant's apartment building in the night-
   time was properly dismissed by the trial court, where plaintiff's own
   evidence disclosed that he stepped out from a lighted kitchen onto
   an unfamiliar back porch in the dark without turning on the porch
   light and without even looking for the switch, which was easily
   accessible to the plaintiff.

APPEAL by plaintiff from *Armstrong, Judge,* 25 January
1971 Session of Superior Court held in FORSYTH County.

Plaintiff brought this action on 22 January 1970 to recover
damages for personal injuries sustained by him on the night of
1 May 1967 when he fell from the porch of an apartment build-
ing owned by defendant in Winston-Salem, N. C. Plaintiff had
gone to defendant's apartment building at approximately 8:30
p.m. on 1 May 1967 for the purpose of inspecting a vacant
apartment with a view to renting it. Defendant's agent loaned
plaintiff a key and permitted plaintiff to enter the apartment
in the agent's absence. In the course of inspecting the apart-
ment, plaintiff opened the back door from the kitchen and
stepped out onto the back porch. He took one step, started to
turn around, and in doing so fell from the porch to the ground,
sustaining injuries. In his amended complaint, plaintiff alleged
that defendant was negligent in failing to provide proper railing
on the porch, in maintaining the porch with the right-hand side
of the porch within one foot of the door facing exiting onto
the porch, and in failing to warn the plaintiff of the dangerous
conditions thereby created. Defendant denied that he was neg-
ligent and as an affirmative defense pleaded that plaintiff was
contributorily negligent in walking onto the porch in the dark
without turning on the back porch light.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the grounds that plaintiff's evidence failed to show actionable negligence and showed contributory negligence on the part of the plaintiff as a matter of law. From judgment allowing the motion and dismissing the action, plaintiff appealed.

*Wilson, Morrow & Boyles by John F. Morrow for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter for defendant appellee.*

PARKER, Judge.

[1] The judgment appealed from is dated 4 February 1971. The record on appeal was docketed in this Court on 13 May 1971, which was more than 90 days after the date of the judgment appealed from. In this record there is no order extending the time for docketing the record on appeal. For failure of appellant to docket the record on appeal within the time allowed by the rules of this Court, this appeal is dismissed. Rule 5, Rules of Practice in the Court of Appeals. *Williford v. Williford,* 10 N.C. App. 541, 179 S.E. 2d 118; *Umphlett v. Bush,* 7 N.C. App. 72, 171 S.E. 2d 80; *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547.

[2] Nevertheless, we have carefully reviewed the record and find no error in the judgment directing verdict against the plaintiff. Plaintiff's own evidence disclosed that he stepped out from a lighted kitchen onto an unfamiliar back porch in the dark without turning on the porch light and without even looking for the switch, which was conveniently located and readily available to him. One may not thus heedlessly disregard the commonest precautions for his own safety. See Annotation, 163 A.L.R. 587.

Appeal dismissed.

Judges BRITT and MORRIS concur.