KATHARINE N. DiORIO v. WILLIAM E. PENNY AND BETTY S. PENNY

No. 372A91

(Filed 25 June 1992)

### Landlord and Tenant § 8.4 (NCI3d) — dangerous stairs — knowledge by landlord — summary judgment for landlord

The trial court correctly granted summary judgment for defendants in a negligence action arising from plaintiff Betty Penny's fall down a staircase in a house which plaintiffs rented from defendants. Plaintiffs failed to produce any evidence showing that defendants had actual or implied knowledge that the carpet on the staircase was negligently installed and overlapped the risers, and plaintiffs had sufficient knowledge of the staircase's narrowness, uneven risers and lack of handrail to place the burden on plaintiffs to either correct the problem or inform defendants of the need for repair.

### Am Jur 2d, Premises Liability § 39.

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 103 N.C. App. 407, 405 S.E.2d 789 (1991), affirming the judgment of *Gray, J.,* entered 30 August 1990 in Superior Court, HENDERSON County. Heard in the Supreme Court 12 February 1992.

*Morris, Bell & Morris, by William C. Morris, Jr., for plaintiff-appellant.*

*Roberts, Stevens & Cogburn, P.A., by Frank P. Graham, for defendant-appellees.*

LAKE, Justice.

On 13 July 1985 the plaintiff and her husband, the DiOrios, leased from the defendants a two-story house that was 75 to 125 years old. In past years the defendants had lived in this house for approximately six months and then leased the house to other tenants prior to its rental by plaintiff and her husband. When plaintiff signed the lease the house contained a staircase which was covered by carpeting which extended unsupported beyond each step before continuing down the riser to the next step. The risers or height of the steps on this staircase varied from 4 inches at

the bottom to 9-1/2 inches at the top. The average staircase riser is 8-1/2 inches. This staircase had no railing, was narrow, and had lighting at the top and bottom.

The plaintiff and her husband, before leasing the house, viewed the interior of the house and walked up and down the staircase. Upon moving into the house, the DiOrios used one of the upstairs rooms as their bedroom. The DiOrios had been living in the house for six months prior to 20 January 1986 when plaintiff, while descending the staircase barefoot at night, slipped and fell. She sustained a compound fracture of the arm and a severed artery. When the accident occurred, the light at the bottom of the staircase was on.

In discovery documents plaintiff admits she was aware that the staircase was narrow and difficult, but asserts she was unaware of the varying depths of the risers and of the fact that the carpeting had been laid in a way that caused it to extend approximately two inches beyond each step before continuing down the riser to the next step. Plaintiff's husband had experience in the building industry. He noticed that the risers varied in height, but does not recall ever warning his wife. Prior to 20 January 1986 the plaintiff had slipped on the staircase on more than one occasion, but she had always caught herself on the wall and had never fallen. Also, plaintiff's daughter had fallen down the staircase previously. During the six months they lived in the house prior to the accident, neither the plaintiff nor her husband had ever mentioned the condition of the staircase to the defendants or notified them of any danger, or undertaken any action to correct the condition.

The plaintiff instituted this action seeking damages against defendants for the personal injuries sustained when she fell down the staircase. The defendants by answer denied any negligence on their part and alleged contributory negligence as a defense. The trial court, upon review of the pleadings and discovery documents, including plaintiff's answers to interrogatories and her deposition, granted defendants' motion for summary judgment. The Court of Appeals affirmed the trial court and plaintiff appeals by virtue of a dissenting opinion in the Court of Appeals.

The sole issue in this case is whether the Court of Appeals' majority was correct in affirming the trial court's granting of defendants' motion for summary judgment. We conclude the Court of Appeals was correct.

DıORIO v. PENNY

[331 N.C. 726 (1992)]

The majority opinion of the Court of Appeals held that summary judgment for defendants was proper on the grounds that plaintiff was contributorily negligent as a matter of law in knowingly exposing herself to a risk of which she had long-term prior notice and which she could have avoided by notifying the landlord or taking reasonable corrective measures. *DiOrio v. Penny*, 103 N.C. App. 407, 405 S.E.2d 789 (1991). The Court of Appeals declined to address the issue of whether plaintiff had made out a case of negligence on defendants' part sufficient to take the case to the jury since it held plaintiff contributorily negligent as a matter of law.

The dissenting opinion, *id.* at 410, 405 S.E.2d at 791, argued that (1) a tenant's contributory negligence for not repairing a particular defect is a jury question, (2) plaintiff's failure to notify defendants of the condition of the staircase does not render her contributorily negligent as a matter of law, and (3) the defendants do not deserve summary judgment on the basis plaintiff failed to show defendants' negligence because the defendant, as the moving party, bears the burden on a summary judgment motion to show that an essential element of the non-moving party's claim does not exist.

On motion for summary judgment, the question before the trial court is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E.2d 584 (1980). The trial court will grant summary judgment in cases where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of injury. *Bogle v. Power Co.*, 27 N.C. App. 318, 219 S.E.2d 308 (1975), *cert. denied*, 289 N.C. 296, 222 S.E.2d 695 (1976). This was the basis of the Court of Appeals' decision.

The uncontroverted projection of the evidence in this case, from the discovery materials presented on the motion hearing, clearly indicates that the plaintiff had used the stairs at least twice a day for nearly six months, and that by her own admission she was aware they presented a danger in that she had to catch herself on the wall while descending on more than one occasion. We thus do not disagree as to the Court of Appeals' conclusion regarding

DiORIO v. PENNY

[331 N.C. 726 (1992)]

plaintiff's contributory negligence. However, we do not need to reach this question, as we proceed first to the plaintiff's allegations and projection of evidence regarding defendants' negligence.

While summary judgment is rarely appropriate in cases involving negligence and contributory negligence, *e.g., Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979), summary judgment is appropriate in such cases when the moving party carries his initial burden of showing the nonexistence of an element essential to the other party's case and the non-moving party then fails to produce or forecast at hearing any ability to produce at trial evidence of such essential element of his claims. *See Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992); *Anderson v. Canipe*, 69 N.C. App. 534, 317 S.E.2d 44 (1984).

The plaintiff relies upon N.C.G.S. § 42-42(a)(2), from the Residential Rental Agreements Act, which states that it is the duty of a landlord to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." Plaintiff contends that the defendants were negligent in this case because they failed to repair a dangerous staircase, causing plaintiff to suffer personal injury. However, the statute requires that a landlord must have knowledge, actual or imputed, or be notified, of a hazard's existence before being held liable in tort. N.C.G.S. § 42-42(a)(4) (1984). Plaintiff never notified the defendants about any problems with the staircase and never attempted to repair the staircase herself. Further, the record is clear that plaintiff also failed to project or forecast solid evidence that the defendants actually were informed or had actual knowledge of a dangerous staircase.

Implied knowledge of the hazard also cannot be imputed to the defendants from any forecast of evidence produced by plaintiff. There is no dispute that plaintiff found the staircase to be difficult, narrow, and steep. However, the plaintiff's point is that she did not know that the carpeting extended two inches beyond the actual ledge of each step, creating a false appearance of solidity, when in fact the carpet could give way and cause a fall. While the defendants did live for a time in the house, the plaintiff failed to allege that the defendants lived in the house during the time when the carpeting was on the staircase or was being laid. Therefore, plaintiff fails to allege or project any ability to produce evidence showing that the defendants knew the carpet was negligently installed or

DiORIO v. PENNY

[331 N.C. 726 (1992)]

was in any way a hazard. There is also a lack of forecast evidence that the defendants ever had difficulties with the staircase. Therefore, there is no showing that the defendants had any implied knowledge of the danger.

Defendants alleged in answer and contended on the motion that they were not negligent. Further, they made a sufficient showing from the discovery material at hearing in support of the motion to require plaintiff to come forth with sufficient allegation and forecast of evidence of a cause of action and a triable issue of material fact. See Kidd v. Early, 289 N.C. 343, 222 S.E.2d 392 (1976); Dendy v. Watkins, 288 N.C. 447, 219 S.E.2d 214 (1975). The plaintiff has failed in this respect. The plaintiff did not notify the defendants of the danger and failed to show the existence of actionable defects in the staircase, either in the pleadings, admissions on file, answers to interrogatories, affidavits, or in any other manner of discovery. Under N.C.G.S. § 42-42(a)(4), the duty to repair only arises once the tenant notifies the landlord of the need for repairs. There is no showing of any evidence that the defendants knew the staircase was dangerous. Before the defendants can be held negligent for failure to correct a defect, the plaintiff must show the existence of a defect. Plaintiff did not provide any evidence that a 75 to 125 year old house is subject to building codes and that such codes were violated. Plaintiff also did not provide expert testimony to support the allegations that the poor carpet condition actually existed.

In summary, we hold that plaintiff has failed to produce any evidence showing that defendants had actual or implied knowledge that the carpet on the staircase was negligently installed and overlapped the risers. We also hold that plaintiff had sufficient knowledge of the staircase's narrowness, uneven risers and lack of handrail to place the burden on plaintiff to either correct the problem or inform the defendants of the need for repair. Therefore, the Court of Appeals did not err in affirming the trial court's grant of summary judgment for the defendants Penny against plaintiff DiOrio.

Affirmed.