ROBERT G. CRANE, PLAINTIFF v. MELVIN W. CALDWELL, DEFENDANT

No. 9225SC1312

(Filed 18 January 1994)

1. **Negligence § 51 (NCI4th)— plaintiff helping defendant with chores on defendant's property—plaintiff as invitee**

    Evidence was sufficient to support a finding that plaintiff was an invitee upon defendant's premises where plaintiff was on defendant's property at the request of defendant; his purpose in entering upon defendant's property was to complete a series of tasks which were undertaken at defendant's request and were beneficial to defendant; plaintiff was injured while attempting to comply with these requests; plaintiff received no benefit from any of the services he performed for defendant; his gratuitous services were neither merely those of a social guest rendered as favors incidental to his social presence on defendant's property, nor those which one neighbor customarily performs for another in the ordinary course of friendly relations; and there was no indication from the evidence that plaintiff performed the services as a means of repaying some debt.

    **Am Jur 2d, Premises Liability §§ 87 et seq.**

2. **Negligence § 147 (NCI4th)— slip and fall on steps—plaintiff not contributorily negligent as matter of law**

    In an action to recover for injuries sustained by plaintiff invitee who slipped and fell on steps leading to defendant's boat dock, plaintiff was not contributorily negligent as a matter of law where there was no evidence that plaintiff considered the steps dangerous but took them instead of a safer

CRANE v. CALDWELL

[113 N.C. App. 362 (1994)]

path; plaintiff testified that he did not know that the steps were wet and slippery; the steps were unlit where plaintiff slipped; and there was no evidence that plaintiff had ever used the steps at night or when they were wet.

**Am Jur 2d, Premises Liability §§ 786, 790.**

**Premises liability: proceeding in the dark on outside steps or stairs as contributory negligence. 23 ALR3d 365.**

Appeal by plaintiff from judgment entered 16 September 1992 by Judge Robert M. Burroughs in Catawba County Superior Court. Heard in the Court of Appeals 28 October 1993.

Plaintiff commenced this action to recover damages for injuries which he allegedly sustained when he slipped and fell on premises owned by defendant. At trial, plaintiff's evidence tended to show that he and defendant were neighbors in a lake front community. Defendant owned a boat which he kept at a dock in front of his home. Defendant did not own a boat trailer, so when he decided to remove his boat from the water, he sought plaintiff's assistance. Plaintiff owned a pickup truck and boat trailer which were suitable for removing defendant's boat from the water. Plaintiff agreed to assist defendant and thereafter removed defendant's boat from the water and towed it to plaintiff's house where defendant changed the oil in the boat's motor. Plaintiff then towed the boat to defendant's home where the boat remained throughout the following week while defendant performed additional maintenance on the boat.

When defendant decided to return the boat to the water, he again sought plaintiff's assistance. Plaintiff drove his pickup truck to defendant's home and connected it to the boat trailer. At defendant's request, plaintiff towed the boat to a service station so that defendant could refuel the boat, and then towed the boat to an access ramp and unloaded it into the water. Defendant then requested that plaintiff go to defendant's dock and move another boat from the boat slip so as to make room for defendant's boat.

Plaintiff testified that nightfall was approaching as he returned to defendant's home to move the other boat. Plaintiff walked to the end of defendant's driveway and began walking down a stairway leading to the dock. The stairway, constructed of railroad ties and brick, turned 60 degrees to the right as it approached the lake. A landing was positioned where the stairway turned to

CRANE v. CALDWELL

[113 N.C. App. 362 (1994)]

the right. Although there were small lights placed at intervals along the entire length of the stairway, the light located closest to the landing was not functioning.

Plaintiff proceeded down the steps to the place where it turned to the right. As he stepped onto the landing, he slipped and fell backwards, breaking his leg in two places. Plaintiff testified that the place on the steps where he slipped was poorly lit, wet, and covered with slippery moss. Plaintiff was unaware that the steps were wet. Prior to slipping, plaintiff had no difficulty with his footing. He acknowledged on cross-examination that he had previously used defendant's stairway during daylight hours. Plaintiff considered the steps to be difficult to negotiate and that one needed to use caution when walking down the steps because of their irregularity. Plaintiff was aware that the steps were poorly lit. Plaintiff testified that immediately after he fell, defendant stated, "I know the steps are dangerous, they're poorly lit, and the moss is slippery when it's wet." On a later occasion, defendant told plaintiff that he "needed to do something about the steps because several people had fallen before[,]" and that he noticed it was dark where plaintiff fell.

Defendant, who was called as a witness by plaintiff, testified that plaintiff came to his home for the purpose of helping him and that plaintiff's assistance had been beneficial to him. Earlier in the day in question, defendant had watered his lawn with a sprinkler and water from the sprinkler may have fallen on the steps. Defendant knew that the steps were slippery when wet. Defendant had slipped on the steps on previous occasions as had defendant's girlfriend.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the grounds that plaintiff had failed to present sufficient evidence of any breach of the applicable standard of care by defendant and, alternatively, that plaintiff was contributorily negligent as a matter of law. The trial court granted defendant's motion and plaintiff appealed.

*Womble Carlyle Sandridge & Rice, by Jimmy H. Barnhill, for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by James F. Wood, III, for defendant-appellee.*

CRANE v. CALDWELL

[113 N.C. App. 362 (1994)]

MARTIN, Judge.

The sole question presented by this appeal is whether the trial court erred in granting defendant's motion for a directed verdict. Issues arising in negligence cases are ordinarily not susceptible to summary adjudication because it is generally for the jury to apply the apposite standard of care. *Taylor v. Walker*, 320 N.C. 729, 360 S.E.2d 796 (1987); *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979). A motion by the defendant for a directed verdict pursuant to G.S. § 1A-1, Rule 50(a) tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1977). For the purpose of such a motion, the plaintiff's evidence must be taken as true and considered in the light most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference which can be drawn therefrom. *Id.* The motion must be denied unless it appears as a matter of law that the plaintiff is not entitled to a recovery upon any view of the facts which the evidence reasonably tends to establish. *Id.*

Defendant based his motion for a directed verdict upon the alternative grounds that plaintiff was a licensee and that plaintiff was contributorily negligent as a matter of law. In reviewing the trial court's decision to grant a directed verdict, this Court's scope of review is limited to those grounds asserted by the moving party at the trial level. *Freese v. Smith*, 110 N.C. App. 28, 428 S.E.2d 841 (1993); *Southern Bell Telephone & Telegraph Co. v. West*, 100 N.C. App. 668, 397 S.E.2d 765 (1990), *affirmed*, 328 N.C. 566, 402 S.E.2d 409 (1991).

The standard of care which defendant owed to plaintiff depends upon whether plaintiff was on defendant's property as an invitee or a licensee. Where the plaintiff is an invitee, the property owner owes the plaintiff the duty to exercise ordinary care to keep his premises in a reasonably safe condition so as not to unnecessarily expose the plaintiff to danger, and to give warning of hidden conditions and dangers of which the owner has express or implied notice. *Mazzacco v. Purcell*, 303 N.C. 493, 279 S.E.2d 583 (1981); *Southern Railway Co. v. ADM Milling Co.*, 58 N.C. App. 667, 294 S.E.2d 750, *disc. review denied*, 307 N.C. 270, 299 S.E.2d 215 (1982). If the plaintiff is a licensee, the owner owes him a duty to refrain from doing the plaintiff willful injury and from wantonly and reckless-

ly exposing him to danger. *Pafford v. Construction Co.*, 217 N.C. 730, 9 S.E.2d 408 (1940); *DeHaven v. Hoskins*, 95 N.C. App. 397, 382 S.E.2d 856, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989). Our Supreme Court has described the difference between an invitee and a licensee as follows:

> The distinction between an invitee and a licensee is determined by the nature of the business bringing a person to the premises. A licensee is one who enters on the premises with the possessor's permission, express or implied, solely for his own purposes rather than the possessor's benefit. An invitee is a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself.

*Mazzacco*, 303 N.C. at 497, 279 S.E.2d at 586-87. A social guest in a person's home is a licensee. *Murrell v. Handley*, 245 N.C. 559, 96 S.E.2d 717 (1957). One's status does not change simply because he renders some minor incidental service for his host. *Id.* This Court, for example, has held that a social guest's status was not changed to that of an invitee merely because he was injured while unloading groceries into the defendant's house. *Beaver v. Lefler*, 8 N.C. App. 574, 174 S.E.2d 806 (1970). However, in *Mazzacco, supra,* the Supreme Court held that the plaintiff, who traveled from New Jersey to North Carolina to help his sister and her husband remove trees from their property was an invitee because the plaintiff's service was of direct and substantial benefit to the defendants in maintaining and improving their property.

[1] Plaintiff argues that the evidence in the present case, when viewed in the light most favorable to plaintiff, was sufficient to support a finding that he was an invitee upon defendant's premises. We agree. At the time of his injury, plaintiff was on defendant's property at the request of defendant. His purpose in entering upon defendant's property was to complete a series of tasks which were undertaken at defendant's request and were beneficial to defendant. He was injured while attempting to comply with these requests. Plaintiff received no benefit from any of the services he performed for defendant. His gratuitous services were neither merely those of a social guest rendered as favors incidental to his social presence on defendant's property, nor those which one neighbor customarily performs for another in the ordinary course of friendly relations. There was no indication from the evidence that plaintiff performed

CRANE v. CALDWELL

[113 N.C. App. 362 (1994)]

the services as a means of repaying some previous debt. We are persuaded that this evidence was sufficient to permit a finding that plaintiff was on defendant's property as an invitee.

[2] We now consider whether plaintiff was contributorily negligent as a matter of law. There is no duty to warn of an obvious condition; when an invitee sees, or should see, an obstacle in his way, which is not hidden or concealed, and proceeds with full knowledge and awareness of the dangers posed thereby, there can be no recovery. *Wyrick v. K-Mart Apparel Fashions*, 93 N.C. App. 508, 378 S.E.2d 435 (1989). The law imposes a duty upon a person to use due care to protect himself from injury, and the degree of care should be commensurate with the danger to be avoided. "If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence." *Dunnevant v. R.R.*, 167 N.C. 232, 233, 83 S.E. 347, 348 (1914).

Defendant contends that plaintiff was contributorily negligent because he knowingly attempted to descend unlit steps which he considered dangerous. We disagree. While it is true that plaintiff testified that the steps were poorly lit, he did not testify that he considered the steps to be dangerous. Rather, he testified that he considered the steps difficult to negotiate because they were of irregular lengths and required a person using them to look where he was placing his feet. Moreover, plaintiff testified that he did not know that the steps were wet and slippery. Although there was evidence that it had rained earlier in the day, there was also evidence that this rainfall had evaporated and that the steps were wet due to defendant's prior use of a lawn sprinkler. Plaintiff was unaware of the stairway's wet condition which, according to his testimony, was not discernable upon visual inspection. Plaintiff testified that he had used the steps on several prior occasions, yet there was no evidence that he had used the steps at night or when they were wet. In addition, there was no evidence that plaintiff chose the more dangerous of two or more routes to defendant's boat dock.

The two cases cited by defendant as support for his contention that plaintiff was contributorily negligent as a matter of law are readily distinguishable from the present case. In *Gordon v. Sprott*, 231 N.C. 472, 57 S.E.2d 785 (1950), the plaintiff was injured when she slipped and fell in a darkened movie theater. The plaintiff

testified that she fell when she attempted to leave her balcony seat. However, the plaintiff further testified that she was fully aware of the flooring condition which caused her to fall and that she proceeded to negotiate the obstacle even though the theater was too dark to walk. Although plaintiff in the present case was aware that the stairway was poorly lit, there was no evidence that it was "too dark to walk." Additionally, plaintiff was not fully aware of the wet, slippery condition of the stairway which caused him to fall. In *Sheets v. Sessions*, 12 N.C. App. 283, 182 S.E.2d 873 (1971), the plaintiff was inspecting an apartment for the purpose of renting it when he fell, at nighttime, from the apartment's porch. The evidence showed that the plaintiff stepped onto the unfamiliar, unlit porch without turning on the readily accessible porch light. Thus, the plaintiff voluntarily chose the more dangerous of two available options. In the present case, there was no evidence that plaintiff possessed any means for improving the lighting condition of defendant's stairway. Thus, he did not choose the more dangerous of two or more options. For the foregoing reasons, we hold that the evidence does not establish plaintiff's contributory negligence as a matter of law and that this issue should have been resolved by the jury.

The directed verdict in favor of defendant is reversed and this case is remanded to the superior court for a new trial.

New trial.

Judges GREENE and JOHN concur.