LEISA K. HALL, PLAINTIFF v. KMART CORPORATION, DEFENDANT

No. COA99-209

(Filed 7 March 2000)

**Premises Liability— contributory negligence—slip and fall**

The trial court did not err in granting summary judgment in favor of defendant-store in a slip and fall case because: (1) plaintiff-customer's testimony demonstrates that the hazard was obvious, making the defense of contributory negligence relevant; and (2) plaintiff did not forecast evidence to indicate that defendant did anything which could or did divert plaintiff's attention from the hazard.

Appeal by plaintiff from order entered 9 November 1998 by Judge W. Douglas Albright in Rowan County Superior Court. Heard in the Court of Appeals 17 November 1999.

*Doran and Shelby, P.A., by Michael Doran, for the plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Allen C. Smith, for the defendant-appellee.*

LEWIS, Judge.

This case arises from a slip-and-fall incident that occurred on 27 March 1997. While shopping in the toy department at defendant's store in Salisbury, North Carolina, plaintiff slipped on an empty Barbie doll box and fell to the floor. She thereafter instituted a negligence action against defendant, claiming pain and suffering, permanent partial disability of her physical faculties, emotional distress and loss of enjoyment of life. On 9 November 1998, the trial court granted defendant's motion for summary judgment. Plaintiff appeals.

Plaintiff first argues that the trial court erred in granting summary judgment in favor of the defendant. Specifically, plaintiff contends

that the defendant's evidence failed to demonstrate contributory negligence as a matter of law.

The standard for summary judgment is aptly stated in *Diorio v. Penny*, 103 N.C. App. 407, 405 S.E.2d 789 (1991), *aff'd*, 331 N.C. 726, 417 S.E.2d 457 (1992). "While issues of negligence and contributory negligence are rarely appropriate for summary judgment, the trial court will grant summary judgment in such matters where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury." *Id*. More specifically, the doctrine of contributory negligence will preclude a defendant's liability if the visitor actually knew of the unsafe condition or if a hazard should have been obvious to a reasonable person. *Pulley v. Rex Hosp.*, 326 N.C. 701, 705, 392 S.E.2d 380, 383 (1990).

The evidence in this case tends to show that the floor of the aisle contained several empty boxes, but was well lit such that plaintiff actually saw the empty boxes, perceived them as a hazard, and attempted to step around them. During this time, however, plaintiff was engaged in a conversation with another customer. Plaintiff testified as follows:

A. I was walking down the aisle in the Barbie doll section . . . And there was a lady on the other end, and we was talking about Barbie dolls for [E]aster baskets. And when I walked towards her, I hit one of the boxes that was in the floor and fell. And it slid right out from under me . . .

Q. Were there more than one—was there more than one box on the floor?

A. Yes. There was quite a few boxes all over the aisle . . .

Q. And could you see all these boxes?

A. Yes.

Q. As you were walking toward the lady, with whom you were talking, where were you looking?

A. I was trying to miss the boxes and then, when I was looking up at her talking—and I guess I didn't miss one of them.

Q. Well, when you slipped, were you looking at the floor or were you looking down at this other lady?

**HALL v. KMART CORP.**

[136 N.C. App. 839 (2000)]

A. It all happened so fast, I was looking in the air. I was looking at her when I—I was talking right to her.

Q. So, when you slipped, you were facing her and talking to her?

A. Yeah.

(Hall Dep. at 17-19).

Plaintiff's testimony demonstrates that the hazard here was obvious, making the defense of contributory negligence relevant. Plaintiff argues, however, that this evidence establishes that the *defendant* enticed her eyes away from the obvious hazardous condition in the aisle. Plaintiff is correct in her legal assertion that the defense of contributory negligence cannot be asserted where the defendant diverted the plaintiff's attention, preventing the visitor from discovering the obvious hazard. *Walker v. Randolph County*, 251 N.C. 805, 810, 112 S.E.2d 551, 554 (1960). But plaintiff has presented no forecast of evidence in this case to indicate that defendant did anything which could or did divert plaintiff's attention from the hazard. The forecast of evidence does establish that plaintiff, in choosing to converse with another customer while walking down the aisle, was inattentive because she chose to be. We conclude that the doctrine of contributory negligence bars plaintiff's recovery from the defendant by any measure of reasonableness. The trial court properly granted summary judgment in favor of the defendant.

Because we conclude that the trial court's grant of summary judgment was proper, it is unnecessary to address plaintiff's remaining argument.

Affirmed.

Judges WYNN and MARTIN concur.