NANCY DOWLESS AND PURLIE DOWLESS, PLAINTIFFS v. KROGER COMPANY AND OHIO WESLEYAN UNIVERSITY, DEFENDANTS

No. COA01-158

(Filed 28 December 2001)

1. **Premises Liability— injury in parking lot of grocery store—tenant of building—summary judgment**

The trial court did not err in a negligence and loss of consortium case, arising out of plaintiff's injury sustained when the left front wheel of her shopping cart full of groceries fell into a hole in the asphalt of the parking lot, by granting summary judgment in favor of defendant Kroger Company which leased the building but not the parking lot, because: (1) plaintiff cannot establish under these circumstances that defendant owed a legal duty of care to plaintiff once she left the store and entered the parking

DOWLESS v. KROGER CO.

[148 N.C. App. 168 (2001)]

lot; and (2) the lease contract provides that defendant Ohio Wesleyan University, owner of both the parking lot and building, is responsible for maintaining the common area in good repair and for maintaining the structure and exterior of the premises including all paved areas.

**2. Premises Liability— injury in parking lot of grocery store—owner of parking lot—summary judgment**

The trial court erred in a negligence and loss of consortium case, arising out of plaintiff's injury sustained when the left front wheel of her shopping cart full of groceries fell into a hole in the asphalt of the parking lot, by granting summary judgment in favor of defendant Ohio Wesleyan University which owned the building and parking lot, because: (1) the facts do not establish as a matter of law that the hole in the asphalt would have been obvious to a person employing reasonable care; and (2) the question is not whether a reasonably prudent person would have seen the hazard had he looked, but whether a person using ordinary care for his own safety under similar circumstances would have looked down at the ground where the hazard existed.

Appeal by plaintiffs from an order entered 27 November 2000 by Judge W. Russell Duke, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 29 November 2001.

*Cooper, Davis & Cooper, by James M. Cooper, for plaintiff-appellants.*

*Young Moore and Henderson, P.A., by Brian O. Beverly, for defendant-appellee Kroger Company.*

*Cranfill, Sumner & Hartzog, L.L.P., by Leigh Ann Smith and Jaye E. Bingham, for defendant-appellee Ohio Wesleyan University.*

HUNTER, Judge.

Nancy Dowless ("Dowless") and her husband Purlie Dowless (together "plaintiffs") appeal from the trial court's grant of summary judgment in favor of defendants Kroger Company ("Kroger") and Ohio Wesleyan University ("Ohio Wesleyan"). We affirm summary judgment as to Kroger, but reverse and remand as to Ohio Wesleyan.

The evidence before the trial court on defendants' motion for summary judgment tended to establish the following facts. Dowless

sustained an injury to her shoulder while pushing a shopping cart full of groceries toward her car in a parking lot outside of a Kroger supermarket in Fayetteville, North Carolina. Her injury was sustained when the left front wheel of her shopping cart fell into a hole in the asphalt of the parking lot, causing her shopping cart to tip. Dowless attempted to catch the shopping cart and thereby tore the rotator cuff in her left shoulder.

Plaintiffs filed suit against Ohio Wesleyan and Kroger seeking damages based upon claims of negligence and loss of consortium. Ohio Wesleyan is the owner of both the building that houses the supermarket, and the parking lot outside of the supermarket. Kroger leases the building from Ohio Wesleyan, but not the parking lot. Upon defendants' motion, the trial court granted summary judgment in favor of both defendants. Plaintiffs appeal.

[1] A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [the] party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). Specifically, a defendant is entitled to summary judgment in a negligence case if it can show either the non-existence of an essential element of the plaintiff's claim or that the plaintiff has no evidence of an essential element of her claim. *See Roumillat v. Simplistic Enterprises, Inc.,* 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). Kroger contends, and we agree, that summary judgment was properly granted as to Kroger because plaintiffs cannot establish under these circumstances that Kroger owed a legal duty of care to plaintiff once she left the store and entered the parking lot. In a premises liability case, it must be shown that the defendant owed a duty of care to the plaintiff. *See Hedrick v. Akers,* 244 N.C. 274, 275, 93 S.E.2d 160, 161 (1956). Here, Dowless alleges that her injury occurred in the parking lot as a result of the condition of the parking lot asphalt. It is undisputed that Ohio Wesleyan owns both the parking lot and the building, and that Kroger leases only the building from Ohio Wesleyan and not the parking lot. Further, pursuant to the lease contract, Ohio Wesleyan is responsible for maintaining the "Common Area, in good repair" and for maintaining "the structure and exterior of the premises, including . . . all paved areas." Plaintiffs' allegations, together with the undisputed facts, reveal the non-existence of an essential element of plaintiffs' claim against Kroger—namely, that Kroger owed a duty of care to Dowless to maintain the parking lot in a safe condition. *See id.* ("[a] tenant is

not responsible for injuries due to a defective sidewalk in front of a building under lease from the owner where the owner exercises control"). Therefore, we affirm summary judgment as to Kroger.

[2] However, as to Ohio Wesleyan, we believe summary judgment was improperly granted. Plaintiffs allege that Ohio Wesleyan owed a duty of reasonable care to Dowless as a lawful visitor on the premises, that Ohio Wesleyan breached this duty of care, and that the breach proximately and foreseeably caused the injury to Dowless. Ohio Wesleyan contends that it did not breach its duty of care to Dowless, and that, in the alternative, Dowless was contributorily negligent.

It is clear that Ohio Wesleyan, as the owner of the parking lot, owed to all lawful visitors "a duty to maintain the premises in a condition reasonably safe for the contemplated use and a duty to warn of hidden dangers known to or discoverable by [Ohio Wesleyan]." *Branks v. Kern*, 320 N.C. 621, 624, 359 S.E.2d 780, 782 (1987). It is also well-established that there is no duty to warn a lawful visitor of "a hazard obvious to any ordinarily intelligent person using [her] eyes in an ordinary manner, or one of which the plaintiff had equal or superior knowledge." *Id.* In some cases, as in *Branks*, this latter principle is stated in terms of negating the existence of a defendant's duty to warn. In other cases, it is stated that if a hazard was known to the plaintiff, or should have been obvious under the circumstances, the plaintiff may not recover as a result of her own contributory negligence. *See, e.g., Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981) (stating that the issue of contributory negligence in such cases is "whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the [ground]"). Whether construed in terms of negating a defendant's duty to warn, or in terms of establishing a plaintiff's contributory negligence, it is clear that a plaintiff may not recover in a negligence action where the hazard in question should have been obvious to a person using reasonable care under the circumstances. In cases involving this issue,

> the facts must be viewed *in their totality* to determine if there are factors which make the existence of a defect . . . , in light of the surrounding conditions, a breach of the defendant's duty and less than "obvious" to the plaintiff. Such factors may include the nature of the defect . . . , the lighting at the time of the accident, and whether any other reasonably foreseeable conditions existed

which might have distracted the attention of one walking [in the area in question].

*Pulley v. Rex Hospital,* 326 N.C. 701, 706, 392 S.E.2d 380, 384 (1990).

Ohio Wesleyan contends that it was entitled to summary judgment because the evidence establishes as a matter of law that the hole in the asphalt was an obvious hazard. In support of this contention, Ohio Wesleyan points to the following undisputed facts: Dowless had shopped at this particular Kroger many times a week for approximately twenty years; it was sunny and clear at the time of the incident; Dowless acknowledged in her deposition that at the time of the incident she was looking straight ahead rather than down at the ground, and that if she had looked down, there is no reason that she would not have seen the hazard.

These facts do not establish as a matter of law that the hole in the asphalt would have been obvious to a person employing reasonable care. "The question is not whether a reasonably prudent person would have seen the [hazard] had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the [ground where the hazard existed]." *Norwood,* 303 N.C. at 468, 279 S.E.2d at 563; *see also Walker v. Randolph County,* 251 N.C. 805, 810, 112 S.E.2d 551, 554 (1960) (the question is whether there existed "some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition").

In her affidavit Dowless averred: that she exited Kroger with a full shopping cart; that she proceeded to cross the parking lot to return to her car; that her car was parked in an area of the parking lot in which she had never before parked; that in order to reach her car she had to cross through an intersection of parking lot traffic lanes; that, at the time, there were vehicles traveling in all directions requiring her attention; that after she crossed through the intersection of traffic she turned her cart toward her car; that as she turned her cart, or after completing the turn, the shopping cart began to turn over to its left as a result of the fact that a wheel of the shopping cart had fallen into a hole in the asphalt; and that she then injured her left shoulder while trying to prevent the cart from turning over. Dowless further stated in her affidavit that she did not see the hole because her view of the ground was obscured by the merchandise in her shop-

ping cart, and because her attention was focused on the heavy traffic in the parking lot in order to ensure that she would reach her car safely.

Plaintiffs' forecast of evidence was sufficient to create a triable jury issue as to whether the hole in the asphalt would have been obvious to a person using ordinary care for her own safety under similar circumstances. We, therefore, reverse the trial court's grant of summary judgment as to Ohio Wesleyan and remand for further proceedings.

Affirmed in part, and reversed and remanded in part.

Judges McGEE and BRYANT concur.