NANCY ELAINE SNOW, Plaintiff,
v.
WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER, and NORTH CAROLINA BAPTIST HOSPITAL, Defendants.
No. COA09-189.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
George B. Daniel, P.A., by George B. Daniel, for plaintiff-appellant.
Brinkley Walser, PLLC, by Bradley S. Hunt, and Wilson, Helms & Cartledge, LLP, by Lorin J. Lapidus, for defendants-appellees.
WYNN, Judge.
This appeal arises from a trial court order, granting summary judgment in favor of Wake Forest University Baptist Medical Center and North Carolina Baptist Hospital ("Defendants"). Here, Plaintiff Nancy Elaine Snow filed a claim to recover monetary damages for personal injuries she allegedly sustained as a result of a slip and fall while on Defendant Wake Forest University Baptist Medical Center's premises. After careful review of the evidence, we affirm the trial court's grant of summary judgment.
The forecast of evidence, taken in the light most favorable to Plaintiff, tended to show that on the morning of 3 February 2003, Plaintiff and her husband traveled from their residence in Virginia to Wake Forest University Baptist Medical Center, where Plaintiff's husband was scheduled for back surgery. The couple spent approximately an hour in the waiting area. When the nurse called her husband's name, Plaintiff got up from the sofa where she had been waiting; proceeded around the sofa toward the nurse; tripped; and fell over the low end table attached to the sofa. Plaintiff was examined in the hospital's emergency room that day and treated for a knee sprain.
On 9 November 2007, Plaintiff filed a complaint, alleging:
As a direct and proximate result of . . . acts of negligence of the Defendants, Plaintiff sustained severe, painful, and permanent injuries to her body, including injuries to her knee which required three (3) operations and outpatient physical therapy; Plaintiff suffered and is continuing to suffer great pain of body and mind; . . . [and] is informed, believes and alleges that she has been severely and permanently injured and damaged in an amount and to an extent exceeding TEN THOUSAND AND NO/100 DOLLARS ($10,000.00).
Defendants filed an answer on 5 December 2007, denying their negligence and, in the alternative, alleging that Plaintiff was contributorily negligent. On 6 June 2008, Defendants filed a motion for summary judgment. On 5 August 2008, the trial court filed an order granting summary judgment to Defendants.
Plaintiff appeals, arguing that the trial court erred by granting summary judgment on the basis of contributory negligence because genuine issues of material fact exist as to whether Plaintiff saw or should have seen the end table and whether her attention was diverted.
A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [the] party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). Although summary judgment is "rarely appropriate" in the context of negligence, "the trial court will grant summary judgment . . . where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury." DiOrio v. Penny, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991) (citations omitted), aff'd, 331 N.C. 726, 417 S.E.2d 457 (1992). "In a case dealing with a plaintiff's injury from slipping and falling '[t]he basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety.'" Duval v. OM Hospitality, LLC, 186 N.C. App. 390, 395, 651 S.E.2d 261, 265 (2007) (quoting Rone v. Byrd Food Stores, Inc., 109 N.C. App. 666, 670, 428 S.E.2d 284, 286 (1993)).
Plaintiff argues that summary judgment was not proper because there are factual questions as to whether she saw the end table or whether the end table would have been obvious to a person using ordinary care under similar circumstances. However, Plaintiff's forecast of evidence tended to show that she tripped and fell over the end table because she did not look where she was going. Plaintiff testified that, when the nurse called her husband's name:
A: I got up and started  and  and I was looking at the nurse and I just went over. . . .
Q: After [the nurse] called [your husband]'s name and before you fell, did she say anything else, that you can remember?
A: Not that I can remember.
Q: And so she wasn't talking to you at the time that you fell?
A: No, huh-huh (no). She was just standing here (indicating) waiting.
Plaintiff added that before she fell she was, A: Looking toward ____
Q: ____ what ____ A: ____ toward the nurse.
Q: You're looking up towards the nurse and not necessarily looking down at the ground?
A: She was giving us instructions as to which way to go, I knew [my husband] was barely navigating, so I was trying to keep up with where she wanted us to do so we didn't ____ so we went to the right place.
Q: Okay. But she wasn't giving you any instructions at that time?
A: At that time, no. She was just standing there waiting on us to come around.
By Plaintiff's own admission, she was "looking up" at the nurse rather than at the ground when she tripped and fell over the end table. Further, Plaintiff repeatedly admitted that her attention was not diverted by the nurse's instructions at the time of the fall. According to her testimony, the nurse was not giving her directions or other instructions at the time; rather, the nurse was standing and waiting for the couple to walk over from the waiting area.
This case is almost identical to Swinson v. Lejeune Motor Co. in which a customer tripped and fell in an automobile dealership parking lot. 147 N.C. App. 610, 618, 557 S.E.2d 112, 118 (2001) (McCullough, J., dissenting), rev'd, 356 N.C. 286, 569 S.E.2d 646 (2002) (adopting the dissent). In Swinson, the dissent (adopted on review by our Supreme Court) reasoned that plaintiff was contributorily negligent as a matter of law because the forecast of evidence showed she "was eye searching the parking lot for her car and was inattentive to where she was walking at the time she fell." Id. at 619, 557 S.E.2d at 119. Further, the adopted dissent stated there was no evidence that the circumstances or any act by Defendants prevented her from seeing the hole. Id.; see also Hall v. Kmart Corp., 136 N.C. App. 839, 525 S.E.2d 837 (2000) (affirming summary judgment for the defendant where plaintiff tripped and fell over an empty box on the floor, the hazard was obvious, she was talking with another customer at the time, and defendant did not divert her attention from the hazard); cf. Dowless v. Kroger, 148 N.C. App. 168, 557 S.E.2d 607 (2001) (holding that plaintiff who tripped and fell in a hole in a parking lot was not contributorily negligent as a matter of law where shopping card obscured her view and her attention was diverted by heavy traffic).
Because the forecast of the evidence, taken in the light most favorable to Plaintiff, establishes that she was contributory negligent as a matter of law, we affirm the trial court's grant of summary judgment in favor of the Defendants.
Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).