IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-1158

Filed: 6 June 2017

Brunswick County, No. 15 CVS 245

VANESSA RASH, Plaintiff,

v.

WATERWAY LANDING HOMEOWNERS ASSOCIATION, INC., Defendant.

Appeal by plaintiff from order entered 17 August 2016 by Judge Jerry Cash Martin in Brunswick County Superior Court. Heard in the Court of Appeals 19 April 2017.

*The Regan Law Firm, PLLC, by Conor P. Regan, for plaintiff-appellant.*

*Marshall, Williams & Gorham, L.L.P., by William Robert Cherry, Jr., for defendant-appellee.*

ELMORE, Judge.

Vanessa Rash (plaintiff) filed a negligence action against Waterway Landing Homeowners Association, Inc. (defendant) after she slipped and fell on a molded walkway in her condominium complex. The trial court granted summary judgment for defendant, concluding that plaintiff's admission that she was not looking down at the walkway established her contributory negligence as a matter of law. Because the evidence, viewed in the light most favorable to plaintiff, presents a genuine issue of

material fact as to whether plaintiff exercised ordinary care to protect herself from injury, we reverse.

## I. Background

Prior to her fall, plaintiff had been a tenant of the Waterway Landing Condominiums for about six years. Plaintiff alleged that she always accessed her unit by a stairway located on the side of the building. That changed in August 2012, when plaintiff began using the elevator while she recovered from a rotator cuff surgery.

Plaintiff could reach the parking lot from the elevator via one of two wooden walkways located on either side of the building. Each walkway contains a ninety-degree turn around a white column. As plaintiff's exhibits demonstrate, tenants would exit the building, proceed down the walkway to the white column, make the turn around the column, and continue a few more feet on the walkway before reaching the parking lot.

During 2012 and 2013, defendant contracted with Community Association Management Specialists (CAMS) to maintain its common areas, including the wooden walkways. Darlene Greene was one of two CAMS employees assigned to the condominiums. In November 2012, Greene notified defendant that the walkways were hazardous due to a mold growth which caused them to become slick when wet.

She submitted an estimate to power wash the walkways but never received a response from defendant.

On 3 January 2013, plaintiff arrived at Waterway Landing after visiting her mother in South Carolina. Tired from the drive, plaintiff left her suitcase in the car and went directly to her unit. An overnight rainfall moistened the mold growth on the walkway and caused it to become slick.

The next morning, plaintiff took the elevator to the ground floor to retrieve her suitcase. She testified in her deposition that she left her unit unaware that it had rained overnight. When she reached the ground floor, plaintiff exited the building and proceeded down the walkway. She made the ninety-degree turn around the white column and, as she approached the parking lot only a few feet away, plaintiff slipped on the slimy walkway and fell—breaking her femur.

On 9 February 2015, plaintiff filed a negligence action against defendant. Defendant raised contributory negligence as an affirmative defense and moved for summary judgment. At the hearing on defendant's motion, the trial court concluded that the evidence was sufficient to establish defendant's negligence, but plaintiff was contributorily negligent because she failed to look down at the walkway:

> Looking at the counterclaim that the plaintiff, Vanessa Rash, was contributorily negligent, the law doesn't place a responsibility on a person who has two feet to walk and look where you're going. It's a matter of common sense. Here on this occasion, Ms. Rash has indicated [in] her deposition, "I didn't pay any attention" and . . . "I did not

> look down." That is showing, in the Court's view, a person is not exercising reasonable care and a person who is not complying with that common sense duty to keep a proper lookout; that is, when you walk, you must not only look but you must see what you ought to see. And if it's raining on the sidewalk or wet on the sidewalk, or whatever the condition of the sidewalk is, look before you go there and see what you ought to see and here, this is a person who was not being careful. I think, as a matter of law, it does show that she was contributorily negligent.

The trial court granted summary judgment in favor of defendant. Plaintiff timely appeals.

## II. Discussion

Plaintiff argues that the trial court erred in granting summary judgment for defendant because the evidence raises genuine issues of material fact as to plaintiff's contributory negligence—specifically, whether plaintiff exercised ordinary care to protect herself from injury.

We review a trial court's order of summary judgment *de novo*. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015). In determining whether such judgment is proper, the evidence and all reasonable inferences drawn therefrom must

be viewed in the light most favorable to the nonmoving party. *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 662, 488 S.E.2d 215, 221 (1997). To survive a motion for summary judgment, the nonmoving party must offer "substantial evidence that creates a genuine issue of material fact." *United Cmty. Bank v. Wolfe*, No. 289PA15, slip op. at 5 (N.C. May 5, 2017) (citing *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)). "Substantial evidence" is that which "a reasonable mind might accept as adequate to support a conclusion." *Thompson v. Wake Cnty. Bd. of Educ.*, 292 N.C. 406, 414, 233 S.E.2d 538, 544 (1977) (citations omitted) (internal quotation marks omitted).

The defendant has the burden of proving contributory negligence. *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002) (citing *Nicholson v. Am. Safety Util. Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997)). Whether contributory negligence exists "is ordinarily a question for the jury." *Id.* The issue may be decided on summary judgment "only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Id.* (citing *Nicholson*, 346 N.C. at 774, 488 S.E.2d at 244).

Contributory negligence arises from a breach of the plaintiff's duty to exercise ordinary care for his own safety. *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965); *Holderfield v. Rummage Bros. Trucking Co.*, 232 N.C. 623, 625, 61 S.E.2d 904, 906 (1950). "Ordinary care" means that degree of care which "a reasonable and

prudent person would exercise" under the same or similar circumstances. *Martishius*, 355 N.C. at 473, 562 S.E.2d at 892 (citing *Hart v. Ivey*, 332 N.C. 299, 420 S.E.2d 174 (1992)); *see also Alford v. Washington*, 244 N.C. 132, 140, 92 S.E.2d 788, 794 (1956) ("Ordinarily the law imposes upon a person *sui juris* the obligation to use ordinary care for his own protection, and the degree of such care should be commensurate with the danger to be avoided." (citations omitted)). If the plaintiff's "failure to exercise due care for his own safety is one of the proximate contributing causes of his injury," his contributory negligence "will bar recovery." *Holderfield*, 232 N.C. at 625, 61 S.E.2d at 906.

A plaintiff may be found negligent when he "ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety." *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980) (citations omitted); *see also Chaffin v. Brame*, 233 N.C. 377, 380, 64 S.E.2d 276, 279 (1951) ("[A] plaintiff [cannot] be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves." (citation omitted)). As our Supreme Court has explained in more concise terms, "a person has a legal duty to avoid open and obvious dangers." *Martishius*, 355 N.C. at 479, 562 S.E.2d at 896 (citing *Gibbs v. Carolina Power & Light Co.*, 268 N.C. 186, 150 S.E.2d 207 (1966)). Accordingly, "a plaintiff may not recover in a negligence action where the hazard in

question should have been obvious to a person using reasonable care under the circumstances." *Dowless v. Kroger Co.*, 148 N.C. App. 168, 171, 557 S.E.2d 607, 609 (2001).

Still, a person may be excused from failing to recognize "an existing dangerous condition" that "he ordinarily would or should have seen" if there is "some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from" discovering the same. *Walker v. Cnty. of Randolph*, 251 N.C. 805, 810, 112 S.E.2d 551, 554 (1960). When contributory negligence is alleged in a slip-and-fall case, "[t]he question is not whether a reasonably prudent person would have seen the [hazard] had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor." *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981), *abrogated on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998).

In *Pulley v. Rex Hospital*, 326 N.C. 701, 392 S.E.2d 380 (1990), *abrogated on other grounds by Nelson*, 349 N.C. 615, 507 S.E.2d 882, for example, the plaintiff was injured after tripping on an uneven sidewalk outside of a hospital. *Id.* at 703, 392 S.E.2d at 382. The plaintiff's forecast of evidence tended to show that the sidewalk was poorly lit, she had to duck to avoid overhanging tree branches, and she had to divert her path on the sidewalk to accommodate other pedestrians. *Id.* The trial

court awarded summary judgment for the defendant. *Id.* The Court of Appeals affirmed, concluding that the evidence established the plaintiff's contributory negligence as a matter of law because she "admitted that she was not looking at the sidewalk as she walked, and that 'had she been focusing her full attention on the sidewalk, she would have seen the unevenness.' " *Pulley v. Rex Hosp.*, 95 N.C. App. 89, 92, 381 S.E.2d 892, 894 (1989) (alterations omitted), *rev'd*, 326 N.C. 701, 392 S.E.2d 380. The Supreme Court disagreed: "While the plaintiff had a duty to look where she was walking, that duty did not require her to walk along with her eyes constantly focused at her feet." *Pulley*, 326 N.C. at 708, 392 S.E.2d at 385. Reversing the decision of this Court, the Supreme Court explained that "the facts must be viewed *in their totality* to determine if there are factors which make the existence of a defect in a sidewalk, in light of the surrounding conditions, . . . less than 'obvious' to the plaintiff." *Id.* at 706, 392 S.E.2d at 384. Because there were genuine issues of material fact "as to whether the combination of the lighting, the tree branches, and oncoming pedestrians made it reasonable for the plaintiff to turn her attention away from the sidewalk," the defendant was not entitled to summary judgment. *Id.* at 708–09, 392 S.E.2d at 385.

Similarly, in *Dowless* the plaintiff was injured after she inadvertently steered her shopping cart into a hole in the parking lot asphalt. 148 N.C. App. at 169–70, 557 S.E.2d at 608. The trial court granted summary judgment for the defendants,

who claimed that the plaintiff was contributorily negligent because "the hole was an obvious hazard." *Id.* at 172, 557 S.E.2d at 610. Reversing the trial court's order in part, this Court concluded that the "facts do not establish as a matter of law that the hole in the asphalt would have been obvious to a person employing reasonable care." *Id.* Although the plaintiff admitted that she would have seen the hole had she looked down, she swore in her affidavit that "her view of the ground was obstructed by the merchandise in her shopping cart, and [ ] her attention was focused on the heavy traffic in the parking lot in order to ensure that she would reach her car safely." *Id.* at 172–73, 557 S.E.2d at 610; *see also Yates v. Haley*, 103 N.C. App. 604, 607–09, 406 S.E.2d 659, 661–62 (1991) (reversing summary judgment for the defendant where the plaintiff's evidence tended to show that his view of a puddle was partially obstructed and his attention was focused on the bathroom door); *cf. Swinson v. Lejeune Motor Co., Inc.*, 147 N.C. App. 610, 615–19, 557 S.E.2d 112, 117–19 (2001) (McCullough, J., dissenting) (concluding that evidence established contributory negligence as a matter of law where the plaintiff claimed she fell while looking for her car in the parking lot but a large defect in the asphalt was in her unobstructed plain view and there were no cars in area), *rev'd per curiam for the reasons stated in the dissent*, 356 N.C. 286–87, 569 S.E.2d 646 (2002).

Finally, in *Crane v. Caldwell*, 113 N.C. App. 362, 438 S.E.2d 449 (1994), the plaintiff broke his leg while descending an irregular staircase leading to a lake. *Id.*

at 363–64, 438 S.E.2d at 450–51.  The plaintiff testified at trial that the area "on the steps where he slipped was poorly lit, wet, and covered with slippery moss."  *Id.* at 364, 438 S.E.2d at 450.  He had navigated the steps before and conceded that he had to "use caution" because of their irregular lengths.  *Id.* at 364, 438 S.E.2d at 450–51.  At the close of the plaintiff's evidence, the trial court granted the defendant's motion for directed verdict on the basis that the plaintiff was contributorily negligent as a matter of law.  *Id.* at 364, 438 S.E.2d at 451.  This Court disagreed because the evidence showed, *inter alia*, that the "plaintiff was not fully aware of the wet, slippery condition of the stairway which caused him to fall."  *Id.* at 368, 438 S.E.2d at 453.  The Court explained:

> [P]laintiff testified that he did not know that the steps were wet and slippery.  Although there was evidence that it had rained earlier in the day, there was also evidence that this rainfall had evaporated and that the steps were wet due to defendant's prior use of a lawn sprinkler.  Plaintiff was unaware of the stairway's wet condition which, according to his testimony, was not discernable upon visual inspection.  Plaintiff testified that he had used the steps on several prior occasions, yet there was no evidence that he had used the steps at night or when they were wet.

*Id.* at 367, 438 S.E.2d at 452.  Because the evidence did not establish the plaintiff's contributory negligence as a matter of law, this Court reversed the order for directed verdict.  *Id.* at 368, 438 S.E.2d at 453.

In this case, we agree with plaintiff that there are genuine issues of material fact as to whether plaintiff exercised ordinary care to protect herself from injury. Plaintiff's affidavit and deposition testimony show that she had no knowledge of the dangerous condition created by the mold growth on the walkway. She testified that she never observed mold on the stairway she used regularly, or on the walkway itself she had used five or six times since August 2012. On those occasions when she had used the walkway, it was dry. Plaintiff had never used any of the molded walkways during wet conditions and she "was unaware that the mold would form a slippery slime when it had been exposed to water." She was not made aware of the hazardous condition and was not advised to avoid the walkways under wet conditions. Although plaintiff did concede that she "never paid attention" to the walkway prior to, or at the time of, her fall, Greene did not notify defendant of the mold until November 2012, indicating that plaintiff could have traversed a clean walkway—sans mold—for two months.

In addition, a jury could find that plaintiff acted as a reasonable and prudent person even though she was not looking directly down at the walkway when she slipped. Plaintiff had just completed her turn around the white column before she proceeded on the shorter portion of the walkway. She fell within only a few feet of completing her turn. A reasonable juror could assume that it would take a few steps for plaintiff to re-direct her attention from the column, *see, e.g.*, *Price v. Jack Eckerd*

*Corp.*, 100 N.C. App. 732, 736, 398 S.E.2d 49, 52 (1990) (rejecting conclusion that failure to look down at the floor established the plaintiff's negligence as a matter of law where, after making a turn, she tripped over a box that "was so close to her that she had barely taken two steps before tripping over it"), or that plaintiff justly focused her attention on the parking lot which she was about to enter, rather than looking out for hazards on the short walkway spanning only a few feet, *see Alford*, 244 N.C. at 140, 92 S.E.2d at 794 ("[T]he degree of [ ] care should be commensurate with the danger to be avoided.").

Even if plaintiff had looked down at the walkway, the evidence does not conclusively establish that she would have recognized the dangerous condition presented by the mold. Plaintiff's photographic exhibits only show a discoloration on the walkway. In her affidavit, she asserts: "Without actually testing the slipperiness of the substance where the mold had grown, the appearance of the walkway in a wet or dry condition appear[s] no different to the naked eye." Plaintiff testified in her deposition that she was unware that it had rained the night before she fell on the walkway. And because she "had never utilized the walkway in question or any [of the other] walkways containing mold during wet conditions," plaintiff was not aware that the mold would become slippery when wet. Based on the foregoing, we conclude that plaintiff presented substantial evidence to create a genuine issue of material fact as to her contributory negligence.

## III. Conclusion

When viewed in the light most favorable to plaintiff, the evidence fails to establish that she was negligent as a matter of law. Despite plaintiff's admission that she was not looking down at the walkway when she fell, a jury could still find that plaintiff exercised ordinary care to protect herself from injury. The trial court's order granting summary judgment for defendant is reversed.

REVERSED.

Judges INMAN and BERGER concur.